**Robert K. Meyer, OSB No. 086470**
robert@oregonworkplacelaw.com
**Michael Owens, OSB No. 104720**
mike@oregonworkplacelaw.com
MEYER STEPHENSON
1 SW Columbia St Ste 1850
Portland, OR 97204
Voice: (503) 459-4010
Fax: (503) 512-5022

      Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MARQUITA AYETTEY**, <br><br>     Plaintiff, <br><br>    v. <br><br> **OREGON HEALTH AND SCIENCE UNIVERSITY**, an Oregon public corporation, and **DANNY JACOBS**, **GREGORY MOAWAD**, and **GULIN SELVI**, in both their individual and official capacities, <br><br>     Defendants. | Case No. 3:22-cv-00257 <br><br> **COMPLAINT** <br><br> 42 U.S.C. §§ 1981, 1983, 2000e-2(a), 2000e-3(a), 12112; 29 U.S.C. § 2615(a); ORS 653.641; ORS 659A.030(1)(a)-(b), (f), (g); ORS 659A.183; ORS 659A.199; ORS 659A.203 <br><br> DEMAND FOR JURY TRIAL |

Page 1      **COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

## INTRODUCTION

### 1.

Plaintiff MarQuita Ayettey ("Plaintiff") was subjected to an unrelenting hostile work environment for months based on her race. When she made multiple reports about her supervisor's race-based discrimination to her employer, Oregon Health and Science University ("OHSU" or "the University"), the University dragged its feet for a year before finally concluding that Plaintiff's complaints had merit. In the meantime, it allowed the same supervisor to issue Plaintiff grossly excessive discipline in violation of state and federal law, as well as its own policies.

### 2.

Plaintiff now brings this action for monetary and injunctive relief, damages, costs, punitive damages, and attorney's fees to redress injuries done to her by OHSU and its officers, employees, or agents in contravention of Plaintiff's protected employment rights under federal and state law.

## PARTIES, JURISDICTION & VENUE

### 3.

Plaintiff is an individual who resides in Washington.

### 4.

Defendant Oregon Health and Sciences University ("OHSU") is a university and public corporation organized under the laws of the State of Oregon. OHSU is responsible for ensuring that all its facilities, systems, and departments comply with federal and state discrimination laws, and the Constitution of the United States of America. OHSU is liable for the tortious conduct of its agents and employees pursuant to ORS 30.265(1). OHSU is a "public employer" for purposes of ORS 659A.203.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

5.

Defendants Danny Jacobs ("Jacobs"), Gregory Moawad ("Moawad"), and Gulin Selvi ("Selvi"), are individuals who, at all times material to this Complaint, were agents and employees of the OHSU, and who, on information and belief, reside in Oregon. These Defendants are each a "person" for purposes of 42 U.S.C. § 1983.

6.

This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the action arises under 29 U.S.C. § 2615(a), and 42 U.S.C. §§ 1981, 1983, 2000e-2(a), and 2000e-3(a). This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as claims asserted under the laws of the State of Oregon form part of the same case and controversy.

7.

This Court is the appropriate venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims in this action occurred in the District of Oregon, Portland Division.

## FACTUAL ALLEGATIONS

8.

Plaintiff is a Black woman, and at the time of her employment, was one of the only African American employees in the OHSU Food and Nutrition Department (the "Department").

9.

Plaintiff became an employee of the Department in 2015, where she worked as a Relief Service Associate, delivering food to patients of OHSU.

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

10.

In or around 2019, Plaintiff was assigned a new supervisor, Selvi. Selvi would frequently single out Plaintiff for intense criticism and degrading treatment in front of other employees. She would belittle Plaintiff and subject her to performance complaints that Plaintiff's white coworkers did not receive.

11.

In or around 2019, Plaintiff emailed to Michelle Schleich, special assistant to the OHSU President, Jacobs, to request a meeting with Jacobs to report ongoing racial discrimination against her. She met with Jacobs and the Interim Vice President for Human Resources, Moawad, on or around December 9, 2019, and reported such discrimination and retaliation. Plaintiff also reported discrimination based on her request for a religious accommodation, specifically an accommodation to not work on Sundays.

12.

Between January and February 2020, Moawad and EEO officer Hannah Riley ("Riley") indicated that Plaintiff had reported potentially retaliatory behavior by management, including Selvi.

13.

On or around February 27, 2020, Plaintiff was counseled in a meeting with Selvi, Riley, Department Director Steve Hiatt, and HR Senior Business Partner Elizabeth Lopez, regarding alleged performance and attendance reporting problems by Plaintiff. Plaintiff indicated she believed her job was in jeopardy and that she was receiving unfair and discriminatory treatment by Selvi, including because Selvi had escalated her concerns to HR before even speaking with Plaintiff about them.

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

14.

On or around March 2020, OHSU and the AFSCME union announced a temporary moratorium on disciplining OHSU employees for COVID-related absences, stating among other things: "The employer will not use any absences from work due to illness for coronavirus or flu-like symptoms that present like coronavirus symptoms, for the period of March 1, 2020 through at least June 30, 2020 or a date mutually determined, to support any occurrences, disciplinary action[.]"

15.

On or around June 5, 2020, Selvi issued Plaintiff written discipline charging Plaintiff with several alleged unexcused absences—including related to a suspected COVID infection—several alleged failures to properly report absences, and failure to obtain the required number of COVID tests. Plaintiff was also accused of failing to promote food service trays, one of the tasks of her position, on six occasions in April and May 2020.

16.

Initially the discipline included a plan to terminate Plaintiff's employment, but it was later adjusted by OHSU to a "final written warning."

17.

Other similarly situated employees who were not Black and who had not reported discrimination did not receive discipline for similar alleged problems. At least one other such employee received coaching and assistance for not promoting trays, as opposed to the discipline Plaintiff received. Plaintiff's discipline was also in violation of OHSU's progressive discipline policy.

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

18.

One or more of the absences for which Plaintiff was disciplined qualified for protection under the Family and Medical Leave Act ("FMLA"), Oregon Family Leave Act ("OFLA"), and the Oregon Sick Leave Act ("OSLA"), as they included Plaintiff missing work to provide childcare related to an illness, injury, or school closure.

19.

On or around the same day as Selvi's email, Plaintiff emailed Jacobs to report that she again believed she was the victim of retaliation for her reports of race discrimination. Plaintiff reiterated a request for a new supervisor based on Selvi's racially motivated animus and acts of retaliation toward her. Jacobs replied a few days later to say that he trusted Moawad and the other members of management to appropriately address Plaintiff's concerns.

20.

As a result of the discipline imposed on Plaintiff, she was suspended from work without pay, for which she has never received compensation. OHSU at the time informed Plaintiff that it they would look into her concerns but made no immediate efforts to resolve her ongoing discrimination. When Plaintiff returned to work from her forced suspension in or around June 15, Selvi remained her supervisor despite Plaintiff's repeated requests not to work for someone who had subjected her to adverse treatment on the basis of her race and complaints of discrimination.

21.

In October 2020, months after Plaintiff had begun complaining about Selvi's unlawful treatment, OHSU finally concluded an Affirmative Action and Equal Opportunity investigation that substantiated Plaintiff's complaint of unlawful discrimination by Selvi, but without notifying Plaintiff. OHSU did nothing to undo the retaliatory discipline that Plaintiff had received.

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

22.

After the above events, Plaintiff was forced to reduce her schedule from full-time to two days a week based on the intense anxiety and stress she was suffering from the racially hostile environment. This caused Plaintiff significant economic loss.

23.

Plaintiff subsequently took several months of medical leave based on her pregnancy and mental health. The ongoing unresolved discrimination Plaintiff suffered contributed to Plaintiff experiencing extreme anxiety and panic attacks. Especially because Plaintiff was pregnant, she could not continue working in the environment at OHSU if she wished to protect her health. Plaintiff returned to work at OHSU in late 2021.

24.

Partially as a result of the discrimination she had experienced, Plaintiff determined that she still could no longer work at OHSU. She resigned her employment in August 2021. Any reasonable employee in Plaintiff's position would have resigned under the circumstances of Plaintiff's employment, including months of unlawful discrimination from her supervisor that received no remedial action and a disciplinary write-up based on multiple legally prohibited factors.

25.

As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages including but not limited to: lost wages and employment benefits; loss of seniority; anxiety, pain, suffering, and mental and emotional distress; and harm to her employment reputation and prospects.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

26.

On or around November 20, 2020, Plaintiff filed a complaint of unlawful employment practices against Defendants with the Oregon Bureau of Labor and Industries ("BOLI") and the federal Equal Employment Opportunity Commission. On or around November 22, 2021, BOLI issued Plaintiff a notice of substantial evidence of unlawful employment practices against Plaintiff by OHSU, and a notice of right to sue. This action now follows.

**CLAIMS FOR RELIEF**

**<u>First Claim for Relief</u>**
**Race-Based Discrimination and Retaliation, 42 U.S.C. § 1981**
**(Against all Defendants, including Jacobs, Moawad, and Selvi in**
**in both their individual and official capacities)**

27.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

28.

42 U.S.C. § 1981 Provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens" and prohibits "nongovernmental discrimination and impairment under color of State law."

29.

Defendants' actions as alleged above violated 42 U.S.C. § 1981 because they treated Plaintiff adversely with respect to compensation and other terms of employment by subjecting Plaintiff to a hostile work environment and unwarranted discipline, and constructively discharging

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

Plaintiff, and Plaintiff's race was a motivating and/or determinative factor in OHSU's adverse treatment.

30.

Defendants' actions as alleged above violated 42 U.S.C. § 1981 because Plaintiff made one or more good faith complaints that her right to be free from racial discrimination was violated, and following her complaints, Defendants treated Plaintiff materially adversely with respect to compensation and other terms of employment by subjecting Plaintiff to unwarranted discipline and constructively discharging Plaintiff. Defendants' material adverse treatment was due to Plaintiff's aforementioned good faith complaint(s).

31.

Defendants' material adverse treatment towards Plaintiff was such that a reasonable worker would have been discouraged from making a similar good faith complaint about her right to be from racial discrimination.

32.

Defendants intended to discriminate against Plaintiff on the basis of her race.

**<u>Second Claim for Relief</u>**
**Deprivation of Rights, 42 U.S.C. § 1983**
**(Against all Defendants, including Jacobs, Moawad, and Selvi in**
**in both their individual and official capacities)**

1.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

2.

Federal law prohibits the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by any person "under color of any statute, ordinance, regulation, custom, or usage, of any State[.]" 42 U.S.C. § 1983. The rights protected by this provision include those of equal protection and due process under the Fourteenth Amendment to the U.S. Constitution, freedom of speech under the First Amendment to the U.S. Constitution, and statutory rights such as Title VII's prohibition on race discrimination. *See Hibbs v. Dept. of Human Resources (Hibbs I)*, 273 F.3d 844, 860-61 (9th Cir. 2001), *aff'd by Hibbs II*, 538 U.S. 721 (2003) (discussing interaction between statutory civil rights laws and 42 U.S.C. § 1983).

3.

Plaintiff's contract for employment provided her with a property interest in continued employment protected by the Due Process Clause of the Fourteenth Amendment; her reports regarding of her unlawful and discriminatory treatment were protected by the Free Speech Clause of the First Amendment because they were made on matters of public concern; and those same reports were protected by Title VII's and 42 U.S.C. § 1981's prohibition on race discrimination and retaliation and the equal protection clause of the Fourteenth Amendment.

4.

Defendants' deprivation of Plaintiff's constitutional and statutory rights was pursuant to a OHSU custom, policy or practice of race discrimination and deterring complaints of race discrimination.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

5.

The decisions of Jacobs, Moawad, and Selvi in their official capacities "may fairly be said to represent official policy" of OHSU. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978).

6.

Defendants intentionally, or with reckless indifference, deprived Plaintiff of her rights to a workplace free from racial discrimination, to due process, to free expression, and to protection from unlawful retaliation when they subjected her to discrimination and a hostile work environment and constructively discharged her in response to her complaints of wrongdoing

**Third Claim for Relief**
**Racial and Religious Discrimination/Harassment, 42 U.S.C. § 2000e-2**
**(Against OHSU)**

7.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

8.

42 U.S.C. § 2000e–2(a) makes unlawful for an employer to "discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of employment, because of such individual's race … [or] religion" or to "limit, segregate, or classify . . . employees . . . in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect [their] status as an employee, because of such individual's race… [or] religion[.]"

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

9.

OHSU violated 42 U.S.C. § 2000e–2(a) because it treated Plaintiff adversely with respect to compensation and other terms of employment by subjecting Plaintiff to a hostile work environment and unwarranted discipline, and constructively discharging Plaintiff on the basis of Plaintiff's race and/or her use of religious accommodations.

### Fourth Claim for Relief
### Retaliation for Opposing Race-Based or Religious Discrimination, 42 U.S.C. § 2000e-3
### (Against OHSU)

10.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

11.

42 U.S.C. § 2000e–3(a) provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter[.]

12.

OHSU violated 42 U.S.C. § 2000e–3(a) because, based in substantial part on Plaintiff's reports of and refusal to accept race-based and religious discrimination, OHSU subjected Plaintiff to adverse terms and conditions of employment and unwarranted discipline, and constructively discharged her.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

**<u>Fifth Claim for Relief</u>**
**FMLA Interference with Rights, 29 U.S.C. § 2615(a)**
**(Against OHSU)**

13.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

14.

At all material times, Plaintiff had been employed by Defendant for 12 months and had performed at least 1,250 hours of service for Defendant during the preceding 12-month period.

15.

In the alternative, Plaintiff had been employed by Defendant at least 30 days.

16.

At all material times, Plaintiff suffered from a serious health condition. In the alternative, at all material times, Plaintiff had a "qualifying need related to a public health emergency" as described in 29 U.S.C. § 2612(a)(1)(F) and 9 U.S.C. § 2620(a)(2).

17.

OHSU denied, interfered with, or discriminated or retaliated against Plaintiff for using protected medical leave under FMLA to which she was entitled.

18.

In perpetrating the above actions, OHSU acted willfully and with knowledge that its actions were in violation of FMLA or with reckless disregard of whether it was violating FMLA. As such, Plaintiff is entitled to liquidated damages for OHSU's violation of her FMLA rights in an amount equal to the sum of Plaintiff's lost wages and benefits, plus prejudgment interest thereon pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii).

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

## Sixth Claim for Relief
### Race-Based and Religious Discrimination/Harassment, ORS 659A.030(1)(a)-(b)
### (Against OHSU)

19.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

20.

Under Oregon law, "[i]t is an unlawful employment practice: (a) For an employer, because of an individual's . . . race . . . to bar or discharge the individual from employment . . . [or] (b) [f]or an employer, because of an individual's . . . race . . . [or] religion . . . to discriminate against the individual in compensation or in terms, conditions or privileges of employment." ORS 659A.030(1).

21.

OHSU violated ORS 659A.030(1)(a)-(b) by, without limitation, subjecting Plaintiff to adverse terms and conditions of employment, including a hostile work environment, unwarranted discipline, and constructive discharge, on the basis of her race and religious accommodations.

## Seventh Claim for Relief
### Retaliation for Opposing Unlawful Employment Practice(s), ORS 659A.030(1)(f)
### (Against All Defendants)

22.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

23.

ORS 659A.030(1)(f) provides that it is an unlawful practice:

> For any person to discharge, expel or otherwise discriminate against any
> other person because that other person has opposed any unlawful practice, or

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

because that other person has filed a complaint, testified or assisted in any proceeding under this chapter or has attempted to do so.

24.

Defendants violated ORS 659A.030(1)(f) by, without limitation, subjecting Plaintiff to adverse terms and conditions of employment, including a hostile work environment and termination, because she opposed and complained about Defendants' race-based and religious discrimination.

**Eighth Claim for Relief**
**Aiding and Abetting an Unlawful Employment Practice, ORS 659A.030(1)(g)**
**(Against All Defendants)**

25.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

26.

ORS 659A.030(1)(g) makes it an unlawful employment practice for any person "to aid, abet, incite, compel or coerce the doing of any of the acts forbidden" under Chapter 659A of the Oregon Revised Statutes.

27.

Defendants violated ORS 659A.030(1)(g) by, without limitation, aiding and abetting one another in the unlawful employment practices under Chapter 659A described in the other claims

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

for relief, including subjecting Plaintiff to adverse terms and conditions of employment, on the basis of race and Plaintiff's opposition to and complaints of race-based discrimination.

### Ninth Claim for Relief
### Whistleblower Retaliation, ORS 659A.199
### (Against OHSU)

28.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

29.

ORS 659A.199(1)(a) provides:

> It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation.

30.

OHSU violated ORS 659A.199 by, without limitation, subjecting Plaintiff to adverse terms and conditions of employment, including a hostile work environment and unwarranted discipline, and constructive discharge, on the basis of Plaintiff's opposition to and complaints of race-based discrimination.

### Tenth Claim for Relief
### Public Employee Whistleblower Retaliation, ORS 659A.203
### (Against OHSU)

31.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

32.

ORS 659A.203(1) provides that it is an unlawful employment practice for a public employer to:

> (b) Prohibit any employee from disclosing, or take or threaten to take disciplinary action against an employee for the disclosure of any information that the employee reasonably believes is evidence of:
>> (A) A violation of any federal or state law, rule or regulation by the state, agency or political subdivision; [or]
>> (B) Mismanagement, gross waste of funds or abuse of authority or substantial and specific danger to public health and safety resulting from action of the state, agency or political subdivision[.] . . .
>
> (d) Discourage, restrain, dissuade, coerce, prevent or otherwise interfere with disclosure or discussions described in this section.

33.

Plaintiff's complaint(s) that she was being subjected to unlawful discrimination were made in good faith, and she reasonably believed such acts were in violation of state and federal law.

34.

OHSU violated ORS 659A.203 by, without limitation, subjecting Plaintiff to adverse terms and conditions of employment, including a hostile work environment, unwarranted discipline, and constructive discharge, on the basis of Plaintiff's opposition to and complaints of race-based discrimination.

**Eleventh Claim for Relief**
**OFLA Leave Denial/Interference, ORS 659A.183(1)**
**(Against OHSU)**

35.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

36.

OFLA, via ORS 659A.183(1), makes it unlawful for an employer to deny an employee protected family or medical leave, and to fail to notify an employee of their right to protected leave.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

37.

OFLA protected leave includes up to 12 weeks for an employee to "recover from or seek treatment for a serious health condition" of the employee or a family member. ORS 659A.159(1).

38.

OHSU violated ORS 659A.183 by, without limitation, denying Plaintiff protected leave and/or interfering with and discouraging Plaintiff from using such leave.

**Twelfth Claim for Relief**
**OFLA Leave Retaliation, ORS 659A.183(2)**
**(Against OHSU)**

39.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

40.

ORS 659A.183(2) makes it unlawful for an employer to "[r]etaliate or in any way discriminate against an individual" because the individual has inquired about or submitted a request for family leave, or otherwise invoked any provision of OFLA.

41.

When an employee requests leave under OFLA, the employee is not required to mention a specific statue. *See* 29 C.F.R. § 303(b) ("When an employee seeks leave for the first time for a FMLA-qualifying reason, the employee need not expressly assert rights under the FMLA or even mention the FMLA."); OAR 839-009-0220(2) ("Provisions of OFLA will be construed to the extent possible in a manner that is consistent with any similar provisions of [the federal Family and Medical Leave Act.]").

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

42.

OHSU violated ORS 659A.183(2) by, without limitation, subjecting Plaintiff to adverse employment action, unwarranted discipline, and constructive discharge based on Plaintiff's request to take or use of medical leave.

### Thirteenth Claim for Relief
### Sick Leave Denial/Interference, ORS 653.641(1)
### (Against OHSU)

43.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

44.

At all relevant times, Plaintiff qualified for sick time under ORS 653.616, including because of a "public health emergency."

45.

ORS 653.641 makes it unlawful for an employer to deny or interfere with protected sick time.

46.

OHSU violated ORS 653.641 by failing to provide sick leave to Plaintiff in response to her request for time off that qualified for sick leave and/or by subjecting Plaintiff to adverse employment actions based on the use of such leave.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

## Fourteenth Claim for Relief
## Sick Leave Retaliation/Discrimination, ORS 653.641(2)
## (Against OHSU)

47.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

48.

ORS 653.641(2) makes it unlawful for an employer to discriminate or retaliate against an employee for using, attempting to use, or inquiring about protected sick time.

49.

OHSU retaliated against Plaintiff for invoking, utilizing and/or attempting to utilize protected sick time by taking adverse employment action, including unwarranted discipline and constructive discharge, against Plaintiff in response to her request for or use of qualifying sick time.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following judgments against Defendants:

(a)     Economic damages, including for lost wages, in an amount to be determined at trial;

(b)     Non-economic damages, including for pain, suffering, and emotional distress, in an amount to be determined at trial;

(c)     Punitive damages in an amount to be determined at trial;

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

(d)     Reasonable costs and attorney fees, on every claim for which such judgment is available, and specifically pursuant to 29 U.S.C. § 2617, 42 U.S.C. §§ 1981a, 1988, 2000e-5(k), ORS 20.107, and ORS 659A.885;

(e)     Equitable relief including a permanent injunction enjoining Defendant from engaging in any employment practice which discriminates on the bases as alleged in this Complaint;

(f)     Prejudgment and post-judgment interest as appropriate and allowed by law;

(g)     On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame;

(h)     All such other relief as this Court may deem proper.

DATED:      February 16, 2022          MEYER STEPHENSON

*s/ Michael Owens*
Robert K. Meyer, OSB No. 086470
robert@oregonworkplacelaw.com
Michael Owens, OSB No. 104720
mike@oregonworkplacelaw.com

*Attorneys for Plaintiff*

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022