**Ed Choi, OSB No. 135673**
echoi@bullardlaw.com
**Liani Reeves, OSB No. 013904**
lreeves@bullardlaw.com
**Amanda Lapato, OSB No. 214249**
alapato@bullardlaw.com
Bullard Law
200 SW Market Street, Suite 1950
Portland, OR 97201
503-248-1134/Telephone
503-224-8851/Facsimile

      Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **MARQUITA AYETTEY,**<br><br>      Plaintiff,<br><br>      v.<br><br>**OREGON HEALTH AND SCIENCE UNIVERSITY,** an Oregon public corporation, and **DANNY JACOBS, GREGORY MOAWAD,** and **GULIN SELVI,** in both their individual and official capacities**,**<br><br>      Defendants. | Case No. 3:22-cv-00257<br><br>**MOTION TO DISMISS AND MOTION TO STAY DISCOVERY BY DEFENDANTS DANNY JACOBS AND GREGORY MOAWAD**<br><br>Request for Oral Argument |

**TABLE OF CONTENTS**

I. INTRODUCTION ...........................................................................................4

II. FACTUAL ALLEGATIONS .........................................................................5

III. LEGAL STANDARD .....................................................................................7

IV. ARGUMENT...................................................................................................7

    A. JACOBS AND MOAWAD ARE ENTITLED TO QUALIFIED IMMUNITY AND PLAINTIFF'S § 1981 AND § 1983 CLAIMS SHOULD BE DISMISSED. ....................................................................7

    B. PLAINTIFF'S ALLEGATIONS AS TO DEFENDANTS' MOTIVATIONS ARE IMPERMISSIBLY VAGUE AND CONCLUSORY AND THEREFORE FAIL TO STATE A PLAUSIBLE CLAIM FOR RELIEF. ..........................................................................10

    C. THE COURT SHOULD STAY DISCOVERY PENDING RESOLUTION OF THE MOTION TO DISMISS. .................................13

V. CONCLUSION..............................................................................................15

## TABLE OF AUTHORITIES

Page(s)

Cases

2018 WL 4643225 (D. Or. Jan. 11, 2018)..................................................................................8
*Ashcroft v. al-Kidd*,
  563 U.S. 731 (2011) .................................................................................................................9
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................................7
*Barber v. Vance*,
  2017 WL 10299462 ..................................................................................................................8
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................................7
*Center for Legal Studies, Inc. v. Lindley*,
  64 F. Supp. 2d 970 (1999) .....................................................................................................11
*Fifth Third Bancorp. v. Dudenhoffer*,
  573 U.S. 409 (2014) .................................................................................................................7
*Grossman v. City of Portland*,
  33 F.3d 1200 (9th Cir. 1994) ...................................................................................................9
*Harlow v. Fitzgerald*,
  457 U.S. 800 (1982) .................................................................................................................9
*Ileto v. Glock*,
  349 F.3d 1191 (9th Cir. 2003) ..................................................................................................6
*Moran v. Washington*,
  147 F.3d 839 (9th Cir.1998) ...................................................................................................10
*Pearson v. Callahan*,
  555 U.S. 223 (2009) .........................................................................................................10, 11
*Pittman v. Oregon, Employment Dep't*,
  509 F.3d 1065 (9th Cir. 2007) .................................................................................................7
*Somers v. Apple, Inc.*,
  729 F.3d 953 (9th Cir. 2013) ...................................................................................................7
*Taylor v. Barkes*,
  575 U.S. 822 (2015) .................................................................................................................9
*United States v. Oregon Health and Sciences Univ.*,
  2017 WL 1364208 (D. Or. Apr. 11, 2017) ..............................................................................8
*Will v. Michigan Dep't of State*,
  491 U.S. 58 (1989) ..............................................................................................................7, 8
*Zhang v. Univ. or*,
  *Oregon*, 2019 WL 7476687 (D. Or. Oct. 11, 2019) ..............................................................9

Rules

Federal Rule of Civil Procedure 12(b)(6) ...........................................................................5, 7, 8

**LR 7-1 CERTIFICATION**

Defendants' counsel certify that they conferred with Plaintiff's counsel through a telephone conference and emails in order to make a good faith effort to resolve the dispute regarding the subject of this motion and have been unable to do so.

**MOTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Danny Jacobs ("Jacobs") and Gregory Moawad ("Moawad") (collectively, "Defendants") hereby move to dismiss Plaintiff's First and Second Claims for Relief. Furthermore, Defendants move to stay discovery pending resolution of the current motion to dismiss based on Defendants' qualified immunity defense. These motions are supported by the memorandum of law set forth below and the case file.

**I.     INTRODUCTION**

Plaintiff Marquita Ayettey's ("Ayettey" or "Plaintiff") § 1981 and § 1983 claims against Jacobs and Moawad must be dismissed because they are entitled to qualified immunity unless Plaintiff can show that they violated a right that was "clearly established" at the time of the challenged conduct. Here, the only allegations against Jacobs and Moawad are limited to meeting with Plaintiff to discuss her concerns of discrimination and retaliation in the workplace and subsequently launching an investigation into her complaints. These allegations are not sufficient to state a plausible claim against Jacobs and Moawad.

Although Plaintiff may disagree with how OHSU's investigation was conducted and its ultimate findings and conclusions, the alleged actions by Jacobs and Moawad are completely consistent with, if not required by, the legal obligations of employers to

provide avenues for employees to make reports of discrimination and to reasonably investigate and respond to those complaints. They are anything but "clearly established" violations of Plaintiff's rights, and to hold otherwise would result in the substantial erosion of qualified immunity for state officials like Jacobs and Moawad, who have done nothing more than respond to an employee's complaints. For the reasons set forth below, Plaintiff's § 1981 and § 1983 claims against Jacobs and Moawad fail to state a plausible claim for relief under the applicable legal standard enunciated in *Twombly/Iqbal* and must be dismissed.

## II.    FACTUAL ALLEGATIONS[1]

Plaintiff Marquita Ayettey ("Ayettey" or "Plaintiff") was formerly employed by OHSU from 2015 through 2021. Compl., ¶¶ 9, 24. Defendant OHSU is a public research university dedicated to the health sciences. *Id.* ¶ 4. Defendant Jacobs is President of OHSU. *Id.* ¶ 11. Defendant Moawad was Interim Vice President of Human Resources at the time of the allegations raised in this complaint. *Id.* Plaintiff's allegations as they relate to Jacobs and Moawad amount to work done in the course and scope of their employment. *Id.* ¶ 5.

Plaintiff alleges that she sent an email to the Special Assistant to the President wherein she requested a meeting with Jacobs and Moawad to discuss certain concerns regarding racial discrimination and retaliation in the Food and Nutrition Department ("PFS"). *Id.* ¶ 11. Plaintiff alleges her new supervisor, Gulin Selvi ("Selvi"), former PFS Supervisor, would "frequently single out Plaintiff for intense criticism and degrading

---

[1] The allegations of Plaintiff's Complaint are taken to be true solely for purposes of this Motion.

Page 5    MOTION TO DISMISS AND MOTION TO STAY DISCOVERY BY
         DEFENDANTS DANNY JACOBS AND GREGORY MOAWAD

treatment in front of other employees. She would belittle Plaintiff and subject her to performance complaints that [her] white coworkers did not receive." *Id.* ¶ 10. Plaintiff met with Jacobs and Moawad on December 9, 2019 regarding her complaints of discrimination and retaliation. *Id.* ¶ 11. Moawad subsequently exchanged emails with EEO officer, Hannah Riley, regarding Plaintiff's complaints. *Id.* ¶ 12.

On June 5, 2020, Selvi issued Plaintiff discipline for violating OHSU's attendance policy related to tardiness and unexcused absences, violating OHSU's safety policies and procedures for failing to follow COVID-19 testing protocol, and failing to perform the essential functions of her Room Service Associate job by failing to promote food trays on several occasions. *Id.* ¶ 15. The discipline was originally drafted as a pre-dismissal hearing, but OHSU later reduced the discipline to a written warning. *Id.* ¶ 16. Later that same day, Plaintiff emailed Jacobs to report that she believed she was being retaliated against for her prior complaints of discrimination. *Id.* ¶ 19. Jacobs responded a few days later to say that "he trusted Moawad and the other members of management to appropriately address Plaintiff's concerns." *Id.* Plaintiff alleges that OHSU, including through Jacobs and Moawad, "did nothing to undo the retaliatory discipline that Plaintiff had received" because of her race. *Id.* ¶ 21.

In October 2020, OHSU concluded its investigation into Plaintiff's complaints. *Id.* ¶ 21. According to Plaintiff, she subsequently reduced her work schedule due to anxiety and stress and then took an extended medical leave based on her pregnancy and mental health. *Id.* ¶¶ 22, 23. Plaintiff returned to work in late 2021, but resigned from her employment at OHSU in August 2021. *Id.* ¶ 24.

### III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.,* 349 F.3d 1191, 1200 (9th Cir. 2003). As such, a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory or has not alleged sufficient facts to support a cognizable legal theory. *Somers v. Apple, Inc.,* 729 F.3d 953, 959 (9th Cir. 2013).

To survive a motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). While courts, on a motion to dismiss, must accept all allegations of material fact as true and construe them in the light most favorable to the non-movant, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In short, district courts are charged with carefully reviewing the complaint to separate the "plausible sheep from the meritless goats." *Fifth Third Bancorp. v. Dudenhoeffer,* 573 U.S. 409, 425 (2014).

### IV. ARGUMENT

**A. Jacobs and Moawad Are Entitled to Qualified Immunity and Plaintiff's § 1981 and § 1983 Claims Should Be Dismissed.**

An individual defendant is entitled to qualified immunity unless a plaintiff can show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd,* 563 U.S. 731, 735 (2011) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818

Page 7   MOTION TO DISMISS AND MOTION TO STAY DISCOVERY BY
         DEFENDANTS DANNY JACOBS AND GREGORY MOAWAD

(1982)). "The query is whether the defendant should have known at the time of the alleged actions that such actions violate the clearly established right." *Zhang v. Univ. or Oregon*, 2019 WL 7476687, at *11 (D. Or. Oct. 11, 2019). Qualified immunity is defeated only if "in the light of pre-existing law the unlawfulness of his conduct was 'apparent.'" *Grossman v. City of Portland*, 33 F.3d 1200, 1208 (9th Cir. 1994) (internal citation omitted). In other words, to be "clearly established," a right must be "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Taylor v. Barkes*, 575 U.S. 822, 825 (2015) (internal citation omitted). Thus, "[w]hen properly applied, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Id.* The plaintiff "bears the burden of proving that the rights she claims were 'clearly established' at the time of the alleged violation." *Moran v. Washington*, 147 F.3d 839, 844 (9th Cir. 1998).

Here, the only actions that Jacobs and Moawad are alleged to have taken are limited to meeting with Plaintiff to discuss her concerns of discrimination and retaliation in the workplace and subsequently initiating an investigation into her complaints with OHSU's EEO office. Specifically, Plaintiff alleges that she met with Jacobs and Moawad on December 9, 2019 to report complaints of discrimination and retaliation. Compl. ¶ 11. Moawad subsequently exchanged emails with EEO officer, Hannah Riley, regarding Plaintiff's complaints. *Id.* ¶ 12. Plaintiff alleges that in June 2020, she emailed Jacobs to report that she believed she was again the victim of retaliation. *Id.* ¶ 19. According to Plaintiff, Jacobs then replied "a few days later to say that he trusted Moawad and the other members of management to appropriately address Plaintiff's concerns." *Id.* Lastly, Plaintiff alleges that "OHSU, including through

Page 8   MOTION TO DISMISS AND MOTION TO STAY DISCOVERY BY
         DEFENDANTS DANNY JACOBS AND GREGORY MOAWAD

Jacobs and Moawad, did nothing to undo the retaliatory discipline that Plaintiff had received" because of her race. *Id.* ¶ 21.

Such conduct simply does not fall within the category of conduct in which the violation of a "clearly established" constitutional or statutory right is "apparent." This is not a case of complete inaction or disregard in the face of claimed discrimination. To the contrary, meeting with Plaintiff and initiating a workplace investigation is the appropriate and *lawful* response to her complaints. While Plaintiff may challenge the manner in which the ensuing investigation was conducted and its ultimate results, it cannot be said that Jacobs and Moawad "knowingly violated the law." *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (an official's conduct violates "clearly established" law only when, at the time of the challenged conduct, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right"). As courts have explained, "[f]or qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel … the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." *McMillian v. Johnson,* 88 F.3d 1554, 1562 (11th Cir. 1996).

To hold otherwise would put individual defendants like Jacobs and Moawad in a double bind, where they stand to lose qualified immunity for merely meeting with an employee regarding their workplace complaints and opening an investigation, or, conversely, be held potentially liable if they were to disregard or minimize their involvement after an employee reports a complaint. Such a confounding result would be contrary to the law on qualified immunity, where the violation of a right is "clearly

Page 9   MOTION TO DISMISS AND MOTION TO STAY DISCOVERY BY
         DEFENDANTS DANNY JACOBS AND GREGORY MOAWAD

established" only if "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Moran,* 147 F.3d at 844–45 (defendant entitled to qualified immunity where relevant right was not clearly established in any "particularized" sense). Moreover, such a result would defeat the express policy goals of qualified immunity, which "balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009).

In short, the actions by Jacobs and Moawad are precisely the kind of conduct entitled to protection by qualified immunity. Accordingly, Plaintiff's § 1981 and § 1983 claims against Jacobs and Moawad should be dismissed.

**B.    Plaintiff's Allegations as to Defendants' Motivations Are Impermissibly Vague and Conclusory and Therefore Fail to State a Plausible Claim for Relief.**

Given how thin Plaintiff's allegations are against Jacobs and Moawad in terms of their actual conduct, Defendants anticipate that Plaintiff will nevertheless argue that dismissal is not warranted because Plaintiff has alleged that Jacobs and Moawad were motivated by discriminatory reasons. The Complaint, however, contains only a single allegation as to such discriminatory intent by Jacobs and Moawad, to wit that "[b]ased on Plaintiff's race, OHSU, including through Jacobs and Moawad, did nothing to undo the retaliatory discipline that Plaintiff had received." Compl., ¶ 21. This conclusory allegation is not entitled to a presumption of truth and is wholly insufficient to survive a motion to dismiss under the applicable legal standards.

As the Supreme Court explained, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Allegations that render a plaintiff's claims merely "conceivable" or "speculative" are insufficient. *Id.* at 555, 570.

Here, Plaintiff's allegation that Jacobs and Moawad "did nothing to undo the retaliatory discipline" that Plaintiff received "based on Plaintiff's race" is merely a threadbare and conclusory recitation of a cause of action for racial discrimination. The Complaint does not allege any overtly racially motivated conduct, nor does it contain allegations that could support a reasonable inference of discriminatory intent by Jacobs and Moawad. There are no allegations concerning, for example, how Jacobs and Moawad treated other African American employees or how similarly situated white employees were treated. As currently pleaded, the Complaint does not "permit the court to infer more than the mere *possibility* of misconduct" that is no more plausible than the alternative that Jacobs and Moawad believed for nondiscriminatory reasons that the discipline issued against Plaintiff was appropriate or justified. *Iqbal*, 556 U.S. at 679. As the Supreme Court stated in the seminal case of *Iqbal* – which itself dealt with whether a plaintiff's allegations sufficiently alleged discriminatory intent to defeat qualified

immunity – "discrimination is not a plausible conclusion" between the "obvious alternative explanation" for the defendant's actions and the "conclusory nature" of the plaintiff's allegations. *Iqbal*, 556 U.S. at 681-82.

Additionally, an early dismissal is especially warranted in this case, given that Jacobs and Moawad's defense rests on the grounds of qualified immunity. It is well-established that "[q]ualified immunity is immunity from suit, not merely a defense to liability." *Smythers v. Medford Oregon Police Dep't*, 2015 WL 13238459, at *2 (D. Or. Nov. 27, 2015) (internal citation omitted). "Like absolute immunity, qualified immunity is effectively lost if a case is erroneously permitted to go to trial." *Id*. Thus, courts have "repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Id*. (internal citation omitted). "One of the purposes of the ... qualified immunity standard is to protect public officials from the 'broad-ranging discovery' that can be 'peculiarly disruptive of effective government." *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6 (1987).

Accordingly, Plaintiff cannot avoid dismissal by simply arguing that discovery *might* later bear out her allegation of discriminatory intent by Jacobs and Moawad. Qualified immunity is meant to protect government officials precisely from litigation arising out of such thinly alleged claims for relief and should be decided in favor of Defendants at this motion to dismiss stage. Otherwise, the ease of alleging in conclusory terms, without any basis in known facts, that a state official was motivated by discriminatory animus would erode the qualified immunity defense and destroy its very purpose to provide "immunity from *suit*." Simply put, Plaintiff's single bare assertion of discriminatory intent by Defendants is insufficient under the law, and the claims against

Jacobs and Moawad should end here. *See Moss v. U.S. Secret Service,* 572 F.3d 962, 970 (9th Cir. 2009) ("The bald allegation of impermissible motive [on the defendant's part] standing alone, is conclusory and is therefore not entitled to an assumption of truth"); *Bonner v. Williams,* 2022 WL 1078608, at *2 (D. Or. Apr. 11, 2022) (plaintiff's allegation that defendant "discriminated against me because of my race" was not sufficient to state a claim); *Menefee v. Washington County Jail,* 2020 WL 6547644, at *2 (D. Or. Nov. 6, 2020) ("The conclusory allegations of discrimination without specific allegations of discriminatory intent are not sufficient to state a claim upon which relief may be granted under § 1983).

**C.    The Court Should Stay Discovery Pending Resolution of the Motion to Dismiss.**

The Court should additionally order a stay of all discovery pending resolution of Defendants' motion to dismiss. As discussed above, the defense of qualified immunity is not merely a defense to liability but "immunity from suit." It is "an entitlement not to stand trial *or face the other burdens of litigation*" prior to "the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985) (emphasis added); *Iqbal*, 556 U.S. at 672 (same). Protection from discovery and other pre-trial obligations plays such a central role in the doctrine that denials of qualified immunity at the motion to dismiss stage are among the small category of pretrial rulings that are immediately appealable as a matter of right as an interlocutory appeal. *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) ("Whether or not a later summary judgment motion is granted, denial of a motion to dismiss [on qualified immunity grounds] is conclusive as to this right,"

Page 13   MOTION TO DISMISS AND MOTION TO STAY DISCOVERY BY
              DEFENDANTS DANNY JACOBS AND GREGORY MOAWAD

which "is important enough to support an immediate appeal.").

Requiring Jacobs and Moawad to participate in discovery while their qualified immunity motion is pending would subject them to the very "concerns of litigation" the Supreme Court has specifically held they are entitled to avoid. *See Iqbal*, 556 U.S. at 685. "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Id*. (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991)). *See also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("[U]ntil th[e] threshold immunity question is resolved, discovery should not be allowed"); *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998) ("[T]he trial court … must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings").

Therefore, the Court should enter an order staying all discovery until there is a ruling on Defendants' qualified immunity defense. *See Tenorio v. Pitzer*, 2013 WL 12178001, at *3 (D.N.M. July 27, 2013) ("[A]fter *Iqbal*, the law is clear that discovery should be stayed upon assertion of qualified immunity, even for those defendants not asserting the defense").

//
//
//
//
//
//

## V. CONCLUSION

For the foregoing reasons, the Court should dismiss with prejudice Plaintiff's First and Second Claims for Relief against Defendants Jacobs and Moawad and enter an order staying all discovery pending resolution of Defendants' Motion to Dismiss.

DATED: May 10, 2022.

BULLARD LAW

By *s/Ed Choi*
Ed Choi, OSB No. 135673
echoi@bullardlaw.com
Liani Reeves, OSB No. 013904
lreeves@bullardlaw.com
Amanda Lapato, OSB No. 214249
alapato@bullardlaw.com

Attorneys for Defendants Oregon Health and Science University, Danny Jacobs, and Gregory Moawad

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2022 I served the foregoing **MOTION TO DISMISS AND MOTION TO STAY DISCOVERY BY DEFENDANTS DANNY JACOBS AND GREGORY MOAWAD** on:

| | |
|---|---|
| Robert K. Meyer<br>Michael Owens<br>1 SW Columbia St., Suite 1850<br>Portland, OR 97204<br>robert@oregonworkplacelaw.com<br>mike@oregonworkplacelaw.com | Janine C. Blatt<br>Blatt Law LLC 841 S. Gaines Street,<br>Unit 417<br>Portland, OR 97239<br>janine@blattlaw.net |

☑ by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐ by **mailing** a true and correct copy to the last known address of each person listed. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Portland, Oregon.

☐ by causing a true and correct copy to be **hand-delivered** to the last known address of each person listed. It was contained in a sealed envelope and addressed as stated above.

☐ by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed. It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

☐ by **faxing** a true and correct copy to the last known facsimile number of each person listed, with confirmation of delivery. It was addressed as stated above.

☐ by **emailing** a true and correct copy to the last known email address of each person listed, with confirmation of delivery.

*s/Ed Choi*
Ed Choi, OSB No. 135673
Liani Reeves, OSB No. 013904
Amanda Lapato, OSB No. 214249
Attorneys for Defendants